**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1253-22

TERRY CAMPBELL,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 13, 2024 – Decided May 20, 2024

Before Judges Sabatino and Chase.

On appeal from the New Jersey Department of Corrections.

Terry Campbell, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel, and Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

In this prison discipline case, Terry Campbell, a State inmate residing in the Edna Mahan Correctional Facility, appeals the November 21, 2022 final agency decision of the Department of Corrections that upheld a hearing officer's determination that she committed prohibited act *.803/*.002 (aiding another person to commit an assault) by blocking a doorway that would have allowed responding officers to observe and interfere with an ongoing assault, in violation of N.J.A.C. 10A:4-4.1(a). Appellant further seeks reversal of the Department's imposition of penalties of commitment to a Restricted Housing Unit for ninety days, loss of commutation credits for ninety days, and loss of access to the J-Pay systems for fifteen days.

The evidence presented at the disciplinary hearing established that on November 8, 2022, a fight between two other inmates broke out while appellant was leaving a room with several beds. Corrections Officer A. Nela, who was standing in a hallway outside the dormitory when the fight began, recorded the incident with his body-worn camera. Prison staff reviewed the video footage and concluded that appellant had been clearly attempting to block responding officers from observing the altercation occurring behind her by walking to the doorway, stopping, and spreading her arms wide while standing on her toes.

2

Appellant was then charged with the *.803/*.002 infraction. After being served with the charges, appellant denied guilt and requested a hearing. At appellant's request, the hearing was postponed several days to enable her to obtain the report of Officer Nela and to elicit statements from four other inmates. The statements were presented at the hearing. One inmate, who had been involved in the fight, stated she had heard Officer Nela call out to appellant and tell her to get her food tray. The other inmate involved in the fight denied hearing that. Another inmate stated she heard Officer Nela call out appellant's name, but was unsure why. The fourth inmate refused to give a statement. Officer Nela, meanwhile, denied that he called out to appellant.

Appellant was assisted by a counsel substitute at the hearing. She denied trying to block the officers' view of the altercation, and asserted that she had stopped in the doorway in response to Officer Nela's call.

The hearing officer reviewed the video footage and other evidence. Among other things, the hearing officer considered and rejected appellant's claim that she had been standing in the doorway because she had heard someone call out her name from outside the dormitory.

Based on the evidence, the hearing officer concluded that appellant was "observed on camera attempting to obstruct the view of custody staff during an

assault of an [inmate]." The hearing officer particularly relied on the staff reports and video footage to determine appellant's guilt. The hearing officer imposed sanctions, finding that appellant's "attempt to aid the perpetrator of the assault is unacceptable [and] will not be tolerated." An Assistant Superintendent of the Department upheld the hearing officer's findings, noting they had been supported by the video evidence, and deemed the sanctions appropriate.

On appeal, appellant argues the disciplinary decision was against the weight of the evidence. She further contends she was denied procedural fairness, specifically that: (1) a sergeant who had written the initial disciplinary report improperly attended her hearing and may have influenced the outcome; and (2) her hearing was untimely.

Appellate review of a final decision made by the Department is "limited." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or [ ] is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579–80 (1980)). See also In re Stallworth, 208 N.J. 182, 194 (2011) (highlighting that

the reviewing court "may not substitute its own judgement for the agency's, even though the court might have reached a different result" (quoting In re Carter, 191 N.J. 474, 483 (2007))). This customary deference stems from the "[w]ide discretion [ ] afforded to administrative decisions because of an agency's specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020).

Applying these well-settled principles, we affirm the Department's final agency decision. The hearing officer relied on sufficient and substantial credible evidence to conclude that appellant had deliberately blocked the responding officers' view of the altercation occurring inside the dormitory. We have reviewed the video footage, which was included in the appellate record, and it clearly shows that appellant was standing on her tiptoes with her arms extended to both sides of the doorway. Her positioning was consistent with a deliberate effort to impede the responding officers' ability to see inside the room where the fray was occurring. In addition, as we noted, the statements procured by appellant did not consistently support her explanation of the events.

Appellant's claims of procedural deprivation are unavailing. Appellant was afforded the limited procedural due process rights of inmates, as set forth in Avant v. Clifford, 67 N.J. 496, 522 (1975). She was afforded a fair

opportunity to be heard, to muster witness statements, and to be assisted at the hearing by a counsel substitute. She declined the opportunity to confront and cross-examine adverse witnesses. The two short postponements of the hearing were prompted by appellant's own requests for an officer report and witness statements, and were justified under N.J.A.C. 10A:4-9.8(c).

Additionally, appellant's complaint about the charging officer attending the hearing is without merit. The sergeant merely escorted appellant to the hearing as custody staff and remained there until it was completed. The sergeant's previous involvement in the hearing of the charges against the two fighting inmates is immaterial. We reject appellant's speculation that the sergeant tainted the outcome of her hearing.

To the extent we have not addressed them, all other arguments raised by appellant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1253-22